#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### VALDOSTA DIVISION

| | |
|---|---|
| HUMANITARIAN, | : |
|    Plaintiff, | : |
| v. | :    CASE NO.: 7:24-CV-38 (LAG) |
| JUDGE MARC T. TREADWELL, *et al.*, | : |
|    Defendants. | : |

### ORDER

Before the Court is Plaintiff's Motion for Recusal (Doc. 6). On April 22, 2024, Plaintiff initiated this action, asserting five counts for alleged constitutional and civil rights violations against each of Defendants Judge Marc T. Treadwell, Chief Judge Leslie A. Gardner, Judge W. Louis Sands, and Kathleen Logsdon, a court administrator in the clerk's office. (Doc. 1 at 2, 7–33). Plaintiff alleges that the Defendants conspired to assign Chief Judge Gardner to preside over a separate case pending before this Court. (Doc. 1); *see also Humanitarian v. Leary*, No. 7:24-CV-32 (LAG) (M.D. Ga. 2024).

Plaintiff filed the Motion for Recusal on April 26, 2024. (Doc. 6). Therein, Plaintiff argues that the Court must recuse pursuant to Georgia's Code of Judicial Conduct Rule 2.11[1] because the Judge has a personal bias and prejudice towards him, "has personal knowledge of disputed evidentiary facts concerning these pending proceedings[,]" and is "within a third degree of relationship to her co-defendants who are also United States District Court Middle District of Georgia Judges." (*Id.* at 2 (emphasis omitted)).

Motions to recuse federal judges are governed by two federal statutes: 28 U.S.C. §§ 144 and 455. Pursuant to 28 U.S.C. § 144, a party may seek recusal by filing a "timely and

---

[1] As federal judges do not make recusal decisions pursuant to Georgia's Code of Judicial Conduct but, rather, 28 U.S.C. §§ 144 and 455, the Court will consider the Motion for Recusal under these two statutes.

sufficient affidavit" showing that the judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" The affidavit must "allege facts that would convince a reasonable person that bias actually exists." *In re Kunsman*, 752 F. App'x 938, 940 (11th Cir. 2018) (per curiam) (quoting *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000)). An affidavit offering only "[u]nsupported and conclusory allegations [is] not sufficient to warrant [recusal]." *Id.* (citing *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988)).

Under 28 U.S.C. § 455, a judge must *sua sponte* recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also enumerates specific circumstances requiring recusal, including where the judge is a party to the proceeding and where "a person within the third degree of relationship . . . is a party to the proceeding" or "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." *Id.* § 455(b)(5)(i), (iii). A "person within a third degree of relationship" is a "disqualifying familial tie" calculated according to the civil law system. *Conroy ex rel. Aflac, Inc. v. Amos*, 785 F. App'x 751, 755 (11th Cir. 2019) (quoting § 455(b)); *see* § 455(d)(2). The civil law system considers the following relatives to be within a third degree of relationship: children, grandchildren, great-grandchildren, parents, grandparents, great-grandparents, uncles, aunts, sisters, nephews and nieces. *See* 13D Charles Alan Wright *et al.*, Federal Practice & Procedure § 3548 (3d ed. June 2024 Update). The standard for recusal under § 455 is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Jenkins v. Anton*, 922 F.3d 1257, 1271 (11th Cir. 2019) (internal quotation marks omitted) (quoting United States v. Kelly, 888 F.2d 732, 744–45 (11th Cir. 1989)).

Ordinarily, under 28 U.S.C. § 455(b)(5)(i), a judge "shall disqualify h[er]self" when she is a party to the proceeding, and the parties cannot waive this provision. *See United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (explaining that "[r]ecusal under . . . subsection [b] is mandatory, because 'the potential for conflicts of interest are readily apparent'" (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). But, under the

2

rule of necessity, when a plaintiff "indiscriminately brings suit against all of the judges of a court, the judges may hear the case if there is no other judge from that court available to hear it." *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (citing *Bolin v. Story*, 225 F.3d 1234, 1238–39 (11th Cir. 2000)). This case is a companion case to *Humanitarian v. Leary*, in which Plaintiff sues every district court judge and magistrate judge in the Middle District of Georgia. *Humanitarian v. Leary*, No. 7:24-CV-32 (LAG) (Doc. 1 at 4–9) (M.D. Ga. Apr. 9, 2024). Plaintiff sues Chief Judge Gardner, Judge Sands, and Judge Treadwell, challenging Chief Judge Gardner's assignment to preside over *Humanitarian v. Leary*, No. 7:24-CV-32 (LAG). (Doc. 1 at 7–8). As every judge in the district is a named defendant in *Humanitarian v. Leary* and this case centers on the administration of *Humanitarian v. Leary*, every judge in this district has a "personal interest in this case" and, thus, no other judge is available to preside. *Bolin*, 225 F.3d at 1239; *see Humanitarian v. Leary*, No. 7:24-CV-32 (LAG), (Doc. 1 at 4–9) (M.D. Ga. Apr. 9, 2024). Accordingly, the rule of necessity applies. *See id.*; *Davis*, 261 F. App'x at 234. Furthermore, the Judge in this case is not "within a third degree of relationship to her co-defendants who are also United States District Court Middle District of Georgia Judges" because a "'person within the third degree of relationship' includes only those with a familial relationship, not colleagues." (Doc. 6 at 2 (emphasis omitted)); *Sibley v. Geraci*, 858 F. App'x 415, 416 n.1 (2d Cir. 2021); *see also Amos*, 785 F. App'x at 755.

Finally, the Judge need not recuse herself under § 144. Plaintiff argues that the Judge "has personal knowledge of disputed evidentiary facts concerning these pending proceedings[.]" (Doc. 6 at 1) First, Plaintiff does not provide an affidavit attesting to the "personal knowledge" the Judge has regarding this case as required under § 144. *See In re Kunsman*, 752 F. App'x at 939–40. "A judge is not required to 'recuse [herself] based on unsupported, irrational, or tenuous allegations.'" *United States v. Ketchup*, No. 22-12279, 2024 WL 20643, at *2 (11th Cir. Jan. 2, 2024) (quoting *Giles*, 853 F.2d at 878). The allegations in Plaintiff's complaint that the Judge was involved in a conspiracy with Judge Treadwell, Judge Sands, and the clerk's office to retaliate against Plaintiff by assigning the *Humanitarian v. Leary* case to Chief Judge Gardner are "unsupported, irrational, [and]

3

tenuous[.]" (Doc. 1 at 7–33). Accordingly, Plaintiff's Motion for Recusal (Doc. 6) is **DENIED**.

       **SO ORDERED**, this 22nd day of October, 2024.

                                      /s/ Leslie A. Gardner
                                      **LESLIE A. GARDNER, CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**